AO 241
(Rev. 01/15)

Page 2

5:22-CV-83 WWB PRL

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: MIDDLE | |
|---|---|---|
| Name (under which you were convicted):<br><br>KRISTY RICHARD | | Docket or Case No.: |
| Place of Confinement :<br>Lowell Annex Correctional Institution | Prisoner No.:<br><br>D90273 | |
| Petitioner (include the name under which you were convicted)<br><br>KRISTY RICHARD    v. | Respondent (authorized person having custody of petitioner)<br>RICKY DIXON, SECRETARY OF THE<br>DEPARTMENT OF CORRECTIONS | |
| The Attorney General of the State of: Florida:   ASHELY MOODY | | |

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

    Fifth Judicial Circuit in and for Citrus County, Florida

    (b) Criminal docket or case number (if you know):    18-CF-00084-A

2.   (a) Date of the judgment of conviction (if you know):   01/08/2019

    (b) Date of sentencing:    02/12/2019

3.   Length of sentence:    40 Years imprisonment

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:    (1) Count of Trafficking in Meth-

    amphetamine; (1) Count of Possession of Fentanyl; (1) Count of Possession of Morphine; (1) Count of

    Possession of Tramadol; (1) Count of Possession of Lorazepam; (1) Count of Possession of Buprenorp-

    hine; (1) Count of Possession of Cannabis- 20 grams or Less; (1) Count of Possession of Paraphernalia

6.   (a) What was your plea? (Check one)

          ☑ (1)    Not guilty       ☐ (3)    Nolo contendere (no contest)

          ☐ (2)    Guilty           ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?   N/A

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

    ☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:    Fifth District Court of Appeal

(b) Docket or case number (if you know):    5D19-0470

(c) Result:    Per Curiam Affirmed

(d) Date of result (if you know):    07/23/2019

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:    Trial Court erred in denying Defendant's Motion for Judgment of Acquittal.

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:    N/A

(4) Date of result (if you know):    N/A

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: The Fifth Judicial Circuit in and for Citrus County

(2) Docket or case number (if you know): 18-CF-000844-A

(3) Date of filing (if you know): 12/04/2019

(4) Nature of the proceeding: Post Conviction Relief-3.850

(5) Grounds raised: Ineffective Assistance of Counsel for; failing to call Kevin Allen as a defense

witness; failing to fiile a motion for change of venue; failing to file a motion to recuse judge

due to prejudice; failing to file a motion to supress illegal trash pulls; failing to file a motion

to supress text messages; failing to have drugs and drug paraphernalia tested for finger-

prints; stipulating to the prejudicial and improper testimony of detective Blair as expert

witness; failuire to file motion dismiss based on vindictive prosecution; failing to object to

inapprorpriate prejudicial statements made by Judge Howard; failing to depose Sommer

Belt-Donar; cummalative error

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes  ☐ No

(7) Result: Denied

(8) Date of result (if you know): 11/09/2020

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:    The Fifth District Court of Appeal

    (2) Docket or case number (if you know):    5D20-2461

    (3) Date of filing (if you know):    11/24/2020

    (4) Nature of the proceeding:    Appeal of Motion for Postconviction Relief,3.850

    (5) Grounds raised:    Ineffective Assistance of Counsel for; failing to call Kevin Allen as a defense

    witness; failing to fiile a motion for change of venue; failing to file a motion to recuse judge

    due to prejudice; failing to file a motion to supress illegal trash pulls; failing to file a motion

    to supress text messages; failing to have drugs and drug paraphernalia tested for finger-

    prints; stipulating to the prejudicial and improper testimony of detective Blair as expert

    witness; failuire to file motion dismiss based on vindictive prosecution; failing to object to

    inapprorpriate prejudicial statements made by Judge Howard; cumulative error

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☑ No

    (7) Result:    Denied

    (8) Date of result (if you know):    07/20/2021

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:    Fifth District Court of Appeal

    (2) Docket or case number (if you know):    5D21-1824

    (3) Date of filing (if you know):    07/22/2021

    (4) Nature of the proceeding:    Petition for Writ of Habeas Corpus

    (5) Grounds raised:    Ineffective Assistance of Appellate Counsel for failing to raise on direct

    appeal; trial counsel ineffective for failing to challenge search warrant to obtain evidence

    against petitioner; violation of petitioner's 4th amendment constitutional right; trial counsels

    failure to file motion to suppress; petitioner's classification and sentence as HFO is illegal

    and resulted in illegal sentence; trial court erred in denying motion for JOA; state failed to

    meet it's burden to prove that defendant possessed necessary weight of substance to

    support trafficking conviction; trial counsel's failure to object to speculative statements made

    by state witness which was subsequently allowed to be admitted into evidence for jury to

    consider; trial abused it's discretion in admitting text messages presented by state without

    authentication; court abused discretioin imposing concurrent and consecutive sentence.

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:   Denied

(8) Date of result (if you know):   10/27/2021

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☑ Yes   ☐ No

(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

NA

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   Trial Court erred in denying petitioner's motion for judgment of acquittal (JOA)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Page 6A-

(b) If you did not exhaust your state remedies on Ground One, explain why:   N/A- State remedies exhausted

<u>GROUND ONE</u>

## TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION FOR JUDGMENT OF ACQUITTAL

In viewing evidence in light most favorable to the state, no rational jury should have found petitioner guilty beyond a reasonable doubt of each element of crime charged. Petitioner was charged with possession of: a trafficking amount of methamphetamine and five various controlled substances. Trial court's example of justification in denying the judgment of acquittal was an analogy of a book, (TT pg.180), which described ready reach. Petitioner was <u>not</u> found with drugs on her person or within ready reach. The drugs were <u>not</u> in plain view. The drugs were located in different common areas of the jointly occupied residences. The state did <u>not</u> offer any direct evidence such as fingerprints to establish guilt. Circumstantial evidence of text messages from a cell phone that was found in proximity to one of the closed containers of drugs was used to infer guilt. The text messages revealed a small amount of vague drug lingo that did not link Petitioner with drugs found or a trafficking amount. The text messages were not properly authenticated of authorship. No cell phone bill was produced or direct self-authentication. The cell phone was not found on Petitioner or within ready reach. Another cell phone was photographed in proximity to another container of drugs Petitioner was charged with. The remaining circumstantial evidence revealed Petitioner's means and use of drugs (crack cocaine); nothing indicating she possessed or had knowledge or control of drugs seized. Her statements specifically deny charges from onset of case.

To establish a conviction on unreliable circumstantial evidence is fundamentally unfair and prejudiced Petitioner by violating her due process rights to a fair trial.

AO 241
(Rev. 01/15)

Page 7

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   Issue Raised

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Petition for Writ of Habeas Corpus-IAC-Appellate Counsel

Name and location of the court where the motion or petition was filed:   Fifth District Court of Appeal for the

State of Florida

Docket or case number (if you know):   5D21-1824

Date of the court's decision:   10/27/2021

Result (attach a copy of the court's opinion or order, if available):   Affirmed/Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):   N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This ground could not be further appealled

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:     N/A

**GROUND TWO:**               Counsel ineffective for failing to have drugs and paraphernalia tested for fingerprints

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Pages 8A-

(b) If you did not exhaust your state remedies on Ground Two, explain why:     State Remedies Exhausted

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☑  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:    IAC not appealable on direct appeal

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for Postconviction Relief, 3.850

Name and location of the court where the motion or petition was filed:   Fifth Judicial Circuit, Citrus County

State of Florida

Docket or case number (if you know):    2018-CF-000844A

Date of the court's decision:     11/09/2020

## GROUND TWO

### COUNSEL INEFFECTIVE FOR FAILING TO HAVE DRUGS AND PARAPHERNALIA TESTED FOR FINGERPRINTS

The state did not offer any fingerprints to connect Petitioner with the offense provided that she was one of multiple individuals who had access to drugs seized. Counsel's lack of performance to present forensic evidence supporting defense prejudiced the Petitioner.  Had trial counsel presented fingerprint evidence, it would have shown Petitioner's fingerprints were not on drug contraband.  There is a fair probability that the jury's verdict would have been different because, fingerprints would have been a substantial deciding factor in verdict.  Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):   Denied

_____

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?                       ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal, State of Florida

Docket or case number (if you know):   5D20-2461

Date of the court's decision:   07/20/2021

Result (attach a copy of the court's opinion or order, if available):   Denied

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :   N/A

_____

**GROUND THREE:**      Counsel ineffective for failing to file motion to suppress text messages

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Page 9A-9B

_____

<u>GROUND THREE</u>

COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE MOTION TO
SUPPRESS TEXT MESSAGES

In review of text transcript, it is evident that Kevin Allen, another occupant
of the home, was in possession and use of the phone.  In thread used against
Petitioner at trial to prove knowledge and control the very next message from
phone number 352-388-7009 addresses Kevin Allen directly, "OK Kev. Here's the
deal…"  At the evidentiary hearing Allen admits message was to him.

The text messages were not properly authenticated of authorship nor could
they be.  There was no cell phone bill produced to show ownership.  There was no
direct self-authentication. There was alleged hearsay testimony from officers
saying Petitioner said phone was hers and gave permission for search, Petitioner
denies.  There was no signed waiver or independent proof of consent. The cell
phone was not found on Petitioner or within ready reach.

Cell phone was illegally seized and searched prior to search warrant of cell
phone.  No warrant would have been sought without warrantless search of phone.

Cell phone was located in proximity to one container of drugs.  It was not
found in the container or with the container.  According to evidence of
photographs, another phone was in proximity to the other container of drugs.
Petitioner was charged with both containers.  Text messages revealed small
amount of vague drug lingo that did not link Petitioner to drugs seized or a
trafficking amount.

It was apparent text transcript had been tampered with as it is missing
messages from July 5, 2018 until July 25, 2018. This is during the investigation

period, up until the day prior to search, where messages were used at trial from same day.

These apparent grounds gave trial counsel reason to file motion to suppress text messages.  Her lack of performance prejudiced the Petitioner by denying her right to a fair trial.  The text messages were the feature at trial used to infer knowledge and control.  It was the only evidence linking the Petitioner to the elements of the crime.  Had counsel filed the motion to suppress text messages, there is a fair probability the text transcript would have been suppressed. Without the text messages, no jury would have found the Petitioner guilty of her charges and she would have been acquitted.  The Petitioner has satisfied both prongs of Strickland, showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:   State Remedies Exhausted

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   IAC not appealable on direct appeal

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Postconviction Relief, 3.850

Name and location of the court where the motion or petition was filed:   Fifth Judicial Circuit, Citrus County,

State of Florida

Docket or case number (if you know):   2018-CF-000844A

Date of the court's decision:   11/09/2020

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal, State of Florida

Docket or case number (if you know):   5D20-2461

Date of the court's decision:   07/20/2021

Result (attach a copy of the court's opinion or order, if available):   Denied

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:   N/A

**GROUND FOUR:**   Trial Counsel ineffective for failing to call Kevin Allen as witness

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Page 11A-11B-11C

(b) If you did not exhaust your state remedies on Ground Four, explain why:     State Remedies Exhausted

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes      ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:    IAC not appealable on direct appeal

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes      ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for postconviction relief, 3.850

## GROUND FOUR

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO KEVIN ALLEN AS WITNESS

Kevin Micheal Allen was deposed on December 28, 2018. He was at trial to testify on January 8, 2019 where he was identified as a witness and sequestrated.

After evidentiary hearing, the courts ruled "Mr. Allen's testimony would not have changed the outcome of the case.  Instead, his testimony may have damaged the defendant's case by calling her home a drug house and placing her within arms reach", (post conviction final order).  These statements are refuted by the record and are based on trial counsel's false facts of Kevin Allen's testimony.

Evidentiary Hearing (pg 70)

State Q. "Did you review Kevin Allen's Deposition that was taken?"

Trial Counsel A. "Yes"

State Q. "Do you think calling Kevin Allen at trial would have helped the Defendant's case at all?"

Trial Counsel A. "No, not at all. His testimony regarded first of all that she was sitting right there next to the drugs in the living room, that somebody else had called earlier and given her knowledge that there were drugs in the house. His testimony that it was a drug house, that people came and got drugs from. He's a multiple convicted felon. So his credibility was not very high. But one thing the jury would have believed is that she was sitting on the couch right next to the drugs. So we weighed it against the elements of constructive possession and she made her decision to not call him"

Trial counsel's statement and reasoning is error and refuted by Kevin Allen's Deposition and testimony at Evidentiary Hearing.

In review of Kevin Allen's deposition, the alleged statements of Kevin Allen from trial counsel "that somebody had called earlier and given her knowledge that there were drugs in the house" and "it was a drug house that people came and got drugs from" are refuted by record, as Allen never made these statements.

Kevin Allen's deposition (pg 12)

State Q. "Why would it (pink camouflage bag) be then next to all of Goldie's (Petitioner) stuff?"

Kevin Allen A. "I have no clue. I didn't- and I didn't think it was. I don't know. Like I know it was beside her where she was sitting, I mean Amber, kept it with her, I know that. Like I can't even you know—Amber everywhere she went she had that thing with her"

Kevin never said drugs were next to petitioner. "I know it was beside her was deliberately taken out of context by State. To clarify:

Evidentiary Hearing (pg 26 and 27)

State Q. "And in your deposition-or- and the bag- the pink camouflage bag was next to Kristy when the search warrant was executed, is that correct?"

Kevin Allen A. "No, I don't think so." (pg 26)

State Q. "But you do admit saying that the drugs were next to Kristy, correct?"

Kevin Allen A. "No, I can't—I can't say that for certain" (pg27)

Kevin Allen's Deposition would have revealed that Kevin said; the pink camo bag belonged to Amber Miller (pg 12), that Amber Miller came to him that morning to smoke meth with him (pg.7), that Petitioner did not use meth (pg. 10) but used crack cocaine (pg.8).  He also stated Amber Miller, was on the couch, which had the yellow box containing drugs and the Petitioner and him were on the

loveseat (pg. 10). Petitioner was closest to the front door. His testimony did not put Petitioner in ready reach and showed area jointly occupied.

More importantly, Kevin Allen's testimony would have refuted the only evidence (text messages) linking Petitioner to crime. He would have testified to being in use of cell phone and the text messages used to infer knowledge and control were to him. This is evident in text transcripts in the same thread it addresses Kevin "ok Kev…" Without the evidence of text transcript no jury would have found Petitioner guilty.

Trial Counsel's decision not to call Kevin was flawed because it was not based on either a plausible strategic calculus or an adequate pretrial investigation. Trial Counsel negligently stipulated to the prosecutor's false testimony and inferences of what Kevin said in deposition. Instead of using due diligence in review of deposition she led Judge Howard to be misled and his ruling error as his decision was based on trial counsel's false facts,

Kevin Allen's testimony would have been critical as it would have provided the amount of reasonable doubt necessary to win an acquittal or a not guilty verdict. Trial Counsel's lack of performance to present evidence to rebut the inferences of knowledge and control, as it was the only disputed issue at trial, prejudiced the Petitioner. Had she called Kevin Allen as a witness it would have been a reasonable strategic trial tactic as he would have testified that Petitioner was not the only one in living room nor author or receiver of text messages to rebut in the inferences of knowledge and control. Therefore there is a fair probability the outcome of trial would have been different. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel. has been violated.

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed:   Fifth Judicial Circuit, Citrus County

State of Florida

Docket or case number (if you know):   2018-CF-000844A

Date of the court's decision:   11/09/2020

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?                          ☑ Yes      ☐ No

(4) Did you appeal from the denial of your motion or petition?                 ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Fifth District Court of Appeal

Docket or case number (if you know):   5D20-2461

Date of the court's decision:   07/20/2021

Result (attach a copy of the court's opinion or order, if available):   Affirmed/Denied

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:   N/A

### GROUND FIVE

### COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS THE ILLEGAL TRASH PULLS

(a)    In search warrant affidavit, trash pulls were from Lemon Street.  The fact the address is 31 North Jefferson Street and photograph in affidavit shows front of house faces Jefferson Street and shows trash receptacle in driveway on Jefferson Street showed swale of home on Jefferson Street.  This showed probability of Petitioner's 4th Amendment Right violated due to illegal trash pulls from curtilage of back yard of multi-unit home accessed from Lemon Street.

Petitioner lived in a home with a separate apartment.  The fact both units share same trash receptacle to depose trash, Citrus County Sheriff's Office could not be certain which trash belonged to which unit because trash was commingled. No mail was found addressed to Petitioner, only mail addressed to residence.  A prescription bottle was found in trash with Lonnie Chester's name on it with Jefferson address listed as his address.  Lonnie Chester lived in opposite unit of Petitioner.

Citrus County Sheriff's Office were aware of these facts as Sergeant Callahan testified "uh and it was kind of split in half to where uh, uh, one group of people were living on one side, one on the other.  We knew that and had intel that that's how the house was set up" (TT pg. 46).

The state and trial counsel were aware of these facts prior to trial as defense witness Kevin Allen testified in deposition "that's a different apartment" (pg. 27), in reference to Lonnie Chester's residence.

Trial Counsel admits knowledge at evidentiary hearing when she testified "she was in an apartment, a separate apartment" (EH pg. 73), in reference to

Sommer Belt- Donar who resided in same apartment as Lonnie Chester in the opposite unit of Petitioner.

Further investigation would have revealed Petitioner did not have trash service at time of first trash pulls, showing officers falsified trash pulls. To conclude otherwise supports officers retrieved trash from curtilage of home, (see utility bill attached). Trash service picks up trash if you "place it on the left side of your driveway as you are facing the street", (see attached) showing swale is on Jefferson Street.

These facts show trial counsel had a valid basis to file a motion to suppress illegal trash pulls. Her lack of performance to pursue this defense prejudiced the Petitioner. There is a fair probability the outcome of trial would have been different because the trash pulls would have been suppressed, making search warrant affidavit invalid as there was no probable cause sufficient to establish a valid search warrant. In turn, all evidence seized would have been suppressed and Petitioner acquitted. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated. Petitioner did not have an opportunity to a full and fair litigation.


(b)     If you did not exhaust your state remedies on ground five, explain why:
State Remedies Exhausted

(c)     Direct Appeal of Ground Five:
    (1)     If you appealed from the judgment of conviction, did you raise this issue:        No
    (2)     If you did not raise this issue in your direct appeal, explain why:
            IAC claims not appealable on direct appeal

(d)     Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

(2)     If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:     Motion for Post-Conviction Relief, 3.850

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:   2018-CF-000844A

Date of court's decision:  11/09/20

Result:     Denied

(3)     Did you receive a hearing on your motion or petition     No

(4)     Did you appeal from the denial of your motion or petition:     Yes

(5)     If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:     Yes

(6)     If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:     Fifth District Court of Appeal, State of Florida

Docket or case number:   5D20-2461

Date of court's decision:  7/20/2021

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:     N/A

(e)     Other Remedies:   N/A

## GROUND SIX

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO
RAISE ON DIRECT APPEAL THAT TRIAL COUNSEL WAS INEFFECTIVE
FOR FAILING TO CHALLENGE THE SEARCH WARRANT THAT WAS
USED TO OBTAIN EVIDENCE AGAINST THE PETITIONER AND FOR
FAILING TO FILE A MOTION TO SUPPRESS

Apparent on the record of appeal the search warrant affidavit and search
warrant violated the requirements set forth in Florida Statutes and the 4th
Amendment of the U.S. Constitution.

The specific probable cause to search Petitioner's trash is not stated.  No
source is stated to the unidentified alleged illegal activity.  No record of
surveillance or reported investigation.  The only source indicating illegal activity
were the illegal trash pulls where residual narcotic paraphernalia was discovered
only indicating drug use.  A pill bottle was found in trash with Lonnie Chester's
name on it with Jefferson Street address listed as his address.  No mail was found
addressed to Petitioner, only mail addressed to residence.  Lonnie Chester lived in
opposite unit of Petitioner.

No particular person was described to have allegedly been involved in illegal
activity or to be found at Jefferson address at execution of search warrant.

The search warrant and affidavit falsely described multi-unit home "as a
single family block home"".  Citrus County Sheriff's Office were aware prior to
trash seizure and preparation of search warrant affidavit that this was a multi-unit
home with separate families.  As Sergeant Callahan testified "uh and it was kind of
split in half to where uh, uh, one group of people were living on one side, one on
the other.  <u>We knew that and had intel that that's how the house was set up" (TT
pg. 46).</u>

The state and trial counsel were made aware of the multi-units as defense witness Kevin Allen testified in deposition "that's a different apartment" (pg. 27), in reference to Lonnie Chester's residence.

Trial Counsel admits knowledge at evidentiary hearing when she testified "she was in an apartment, a separate apartment" (EH pg. 73), in reference to Sommer Belt- Donar who resided in same apartment as Lonnie Chester in the opposite unit of Petitioner.

These facts were apparent on the record of appeal and gave appellate counsel a valid basis to raise this ground on direct appeal.  The error was fundamental because it reached down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the invalid search warrant and affidavit used to obtain the evidence that was used to greatly influence the Petitioner's conviction.  Appellate counsel's lack of performance in failing to raise the fundamental error of trial counsel's ineffectiveness to challenge search warrant and to file and motion to suppress prejudiced the Petitioner.  Had she done so, there is a fair probability that Petitioner would have received proper relief because of the violation of her 4th Amendment Right which affected the result of the outcome of trial. The Petitioner has satisfied both prongs of <u>Strickland</u> showing her 6th Amendment Constitutional Right has been violated.

(b)     If you did not exhaust your state remedies on ground six, explain why:
State Remedies Exhausted

(c)     Direct Appeal of Ground Six

   (1)     If you appealed from the judgment of conviction, did you raise this
            issue:         No

(2)     If you did not raise this issue in your direct appeal, explain why:
        Counsel failed to raise ground

(d)   Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

(2)     If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:      Writ of Habeas Corpus, 9.141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeals, State of Florida

Docket or case number:   5D21-1824

Date of court's decision: 10/27/2021

Result:      Denied

(3)     Did you receive a hearing on your motion or petition      No

(4)     Did you appeal from the denial of your motion or petition:      No

(5)     If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

(6)     If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:  N/A

Docket or case number:  N/A
Date of court's decision: N/A
(7)     If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:      Could not be appealed further

(e)     Other Remedies:   N/A

## GROUND  SEVEN

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO
RAISE ON DIRECT APPEAL THAT COURT ABUSED ITS DISCRETION IN
ADMITTING TEXT MESSAGES PRESENTED BY STATE INTO EVIDENCE
WITHOUT AUTHENTICATING THEM

During the petitioner's motion of limine trial counsel objected to the
authentication and authorship of text messages and again objected when the text
transcript was admitted during trial preserving this ground for appeal. It is apparent
on the record that the text transcript was not properly authenticated of authorship.
The cell phone that held the text transcript was not found on petitioner or within
ready reach. There was no cell phone bill produced to show ownership. There was
no direct self-authentication. There was alleged hearsay testimony from officers
saying Petitioner said the phone was hers and gave permission to search, Petitioner
denies. There was no signed waver or independent proof of consent.

In review of text transcript it is evident Kevin Allen another occupant of home was
in possession and use of phone. In thread used against petitioner at trial to prove
knowledge and control the very next message from phone number 352-388-7009
addresses Kevin Allen directly "ok, Kev, here's the deal…". At the evidentiary
hearing Kevin admits message was to him.

The cell phone was NOT properly authenticated of authorship which violated Florida
Statute 90.901 because it is apparent on record that petitioner did not author these
messages. This prejudicial error is clearly reversible and fundamental because it
reaches down to the validity of the conviction, without the text messages no
rational jury would have found petitioner guilty as the text messages were the
feature at trial to infer petitioners guilt. Appellant Counsel's lack of performance to
raise this preserved ground for appeal in Direct Appeal prejudiced Petitioner to a
fair trial. Had she raised this ground there is a fair probability Petitioners case

would have been remanded for new trial or other relief because text message would have been suppressed and it was the only evidence linking petitioner to the elements of the crime. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

(b)      If you did not exhaust your state remedies on ground seven, explain why: State Remedies Exhausted

(c)      Direct Appeal of Ground Seven:

    (1)    If you appealed from the judgment of conviction, did you raise this issue:        No

    (2)    If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise ground

(d)      Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

(2)      If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:        Writ of Habeas Corpus, 9141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeals, State of Florida
Docket or case number:  5D21-1824
Date of court's decision: 10/27/21

Result:        Denied

(3)      Did you receive a hearing on your motion or petition       No

(4)      Did you appeal from the denial of your motion or petition:        No

(5)   If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

(6)   If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:      N/A
 Docket or case number:  N/A

Date of court's decision:  N/A

(7)   If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:      Could not be appealed further
(e)   Other Remedies:  N/A

<u>GROUND EIGHT</u>

INEFFECTIVE OF APPELATE COUNSEL FOR FAILING TO RAISE ON DIRECT APPEAL THE VIOLATION OF THE PETITIONER'S 4TH AMENDMENT CONSTITUTIONAL RIGHT.

Petitioner asked Appellate Counsel to raise this ground in Direct Appeal. (see attached). In search warrant affidavit trash pulls were from Lemon Street. The fact the address is 31 North Jefferson Street and photograph in affidavit shows front of house faces Jefferson Street and shows trash receptacle in driveway on Jefferson Street showed swale of home on Jefferson Street.  This showed probability of Petitioner's 4th Amendment Right violated due to illegal trash pulls from curtilage of back yard of multi-unit home accessed from Lemon Street. Also showing the 4th Amendment Violation Petitioner lived in home with a separate apartment. The fact both units share same trash receptacle to depose trash, Citrus County Sheriff's Office could not be certain which trash belonged to which unit because trash was commingled.  No mail was found addressed to Petitioner, only mail addressed to residence.  A prescription bottle was found in trash with Lonnie Chester's name on it with Jefferson address listed as his address.  Lonnie Chester lived in opposite unit of Petitioner.

Citrus County Sheriff office was aware of these facts prior to trash seizure. As Sergeant Callahan testified "uh and it was kind of split in half to where uh, uh, one group of people were living on one side, one on the other. <u>We knew that and had intel that that's how the house was set up</u>" (TT pg. 46).

Defense witness Kevin Allen testified in deposition "that's a different apartment" (pg 27), in reference to Lonnie Chester's residence.

These facts are apparent on the record of appeal giving Appellate Counsel a valid basis to raise ground on direct appeal. Her lack of performance to raise this ground prejudiced petitioner as the error was fundamental as it reached down into the

validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the illegal trash pulls which was used to produce the search warrant affidavit which set the course to petitioners conviction. Had she raised this ground there is fair probability petitioner would have been remanded for new trial or proper relief because of her 4th amendment violation which would have suppressed all evidence. The fact she did not receive an opportunity to a fair and full litigation prejudiced petitioner her due process right. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

(b)     If you did not exhaust your state remedies on ground eight, explain why: State Remedies Exhausted

(c)     Direct Appeal of Ground Eight:

(1)     If you appealed from the judgment of conviction, did you raise this issue:        No

(2)     If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise ground

(d)     Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

(2)     If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:     Writ of Habeas Corpus, 9141
Name and location of the court where the motion or petition was filed: Fifth Fifth District Court of Appeals, State of Florida

Docket or case number:  5D21-1824

Date of court's decision: 10/27/2021

Result:     Denied

(3)    Did you receive a hearing on your motion or petition      No

(4)    Did you appeal from the denial of your motion or petition:      No

(5)    If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

(6)    If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed: N/A
Docket or case number:   N/A
Date of court's decision:  N/A

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:      Could not be appealed further

(e)    Other Remedies:   N/A

## GROUND NINE

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO RAISE ON DIRECT APPEAL THAT STATE FAILED TO MEET ITS BURDEN TO PROVE DEFENDANT POSSESSED THE NECESSARY WEIGHT OF THE SUBSTANCE TO SUPPORT THE TRAFFICKING CONVICTION

During execution of search warrant a total of five baggies of methamphetamine were seized. All five baggies were photographed in places found. The field tests of all five baggies were photographed. Only three baggies were weighed in photographs. The intake evidence report showed only four baggies were taken in to evidence. Only three baggies were sent to F.D.L.E. lab specialist as shown in laboratory report. The two missing baggies show probability of tampered or commingled evidence before testing showing unequivocally fundamental error as lack of evidence makes it impossible to determine for certain the actual weight of methamphetamine was the necessary weight to support petitioner's trafficking conviction.

Appellate Counsel's lack of performance to raise this fundamental error prejudiced petitioner. Had she raised this ground there is a fair probability petitioners case would have been remanded with lesser charge or other relief because the lack of evidence showed probability the baggies of methamphetamine was commingled or tampered with prior to being weighed in photographs and/or before it was sent to F.D.L.E. labs to be tested and weighed violating Florida Statute §893.135. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional right to effective assistance of counsel has been violated.

(b)     If you did not exhaust your state remedies on ground nine, explain why:
State Remedies Exhausted

(c)  Direct Appeal of Ground Nine:

   (1)  If you appealed from the judgment of conviction, did you raise this issue:       No

   (2)  If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise ground

(d)  Post Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

   (2)  If your answer to Question (d) (1) is "Yes" state:

   Type of motion or petition:      Writ of Habeas Corpus

   Name and location of the court where the motion or petition was filed: Fifth District Court of Appeals, State of Florida

   Docket or case number:  5D21-1824

   Date of court's decision:  10/27/2021
            Result:      Denied

   (3)  Did you receive a hearing on your motion or petition       No

   (4)  Did you appeal from the denial of your motion or petition:        No

   (5)  If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

   (6)  If your answer to Question (d)(4) is "Yes" state:
   name and location of the court where the appeal was filed:      N/A

   Docket or case number:  N/A

   Date of court's decision:  N/A

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:        Could not be appealed further

(e)    Other Remedies:   N/A

## GROUND TEN

COUNSEL WAS INEFFECTIVE FOR STIPULATING TO THE PREJUDICIAL AND IMPROPER TESTIMONY OF DETECTIVE BLAIR AS AN EXPERT WITNESS

Trial Counsel failed to defensively argue introduction of the prejudicial opinion testimony of Detective Blair during the Motion of Limine. Instead she stipulated to it stating "I think we are in agreement" (TT pg 17), and "We don't have any objections" (TT pg 18). Counsel also stipulated by failing to object, cross examine or by failing to obtain a defense expert to refute or challenge detective's testimony on key issues.

During trial Prosecution asked if the methamphetamine recovered was produced in this county. Detective Blair responded "No this was not made here. Uh, this is your normal trafficked meth from, uh, Mexico" (TT pg168). This statement was purely speculation misleading and contained no actual factual basis as petitioner was not charged with trafficking meth from Mexico.

Detective Blair referring to the text messages used to infer Petitioner's guilt states "Just based on my training and experience boi is referring to heroin and work is methamphetamine" (TT pg 168). Both code words "boi" and "work" are also common slang words for crack cocaine. At trial and in discovery are several statements referring petitioner uses crack cocaine including from state witnesses.

Detective Blair speaks of a text message about "blues" and describes the code word as the drug "Oxycodone". This refers to drugs not relevant to case. Trial Counsel stipulated to the introduction of this message stating "we don't have any objections" (TT pg 17).

Detective Blair falsified many inadmissible alleged out of court statements. One statement was used to impeach petitioner, referring to a non testifying individual "Lego" (TT pg 176-177).

Detective Blair made numerous prejudicial statements about various drugs, including drugs not related to the crime, drug conduct, excessive weight "kilo" of drugs (over 1000 grams), the cost of drugs, packaging drugs, manufacturing drugs, how lethal and deadly drugs are, and drugs trafficked out of Mexico. All these speculative statements were not related to the crime or conduct of the crime. These statements prejudiced petitioner as she was not charged with sales, manufacturing or a kilo amount of drugs trafficked out of Mexico nor did she cause death by drugs. Petitioner was charges with possession of five various narcotics and possession of a small trafficking amount (30 grams) of methamphetamine. Detective Blair's testimony presented a substantial danger to unfair prejudice that risked the conviction be based on a fabricated theory of bad character, drug behavior and propensity. His testimony violated many Florida Statutes especially Statute 90.702 of expert testimony.

In addition to the grounds discussed the existence of the stipulation itself of the unchallenged prejudicial statements of detective Blair compromised more than several instances suggesting defense counsel was "asleep at the wheel" prejudicing the petitioner by her lack of performance when she stipulated to the introduction of the testimony, when she declined to cross examine, when she failed to object and failed to obtain an expert witness to refute detective Blair's testimony. Had she done so there is a fair probability the outcome of trial would have been different as it would have gave jury reasonable doubt to petitioners guilt because detective Blair's testimony was critical and would have been challenged, refuted, stricken and/or reserved for appeal. Petitioner has satisfied both prongs of Strickland

showing her 6th Amendment Constitutional right to effective assistance of counsel has been violated.

(b)    If you did not exhaust your state remedies on ground ten, explain why:
State Remedies Exhausted

(c)    Direct Appeal of Ground Ten

    (1)    If you appealed from the judgment of conviction, did you raise this issue:        No

    (2)    If you did not raise this issue in your direct appeal, explain why:
    IAC claims not appealable on direct appeal

(d)    Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes

(2)    If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:        Motion for Post-Conviction Relief, 3.850

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:   2018-CF-000844A

Date of court's decision: 11/09/20

Result:        Denied

(3)    Did you receive a hearing on your motion or petition        No

(4)    Did you appeal from the denial of your motion or petition:        Yes

(5)    If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:    Yes

(6)    If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:
Fifth District Court of Appeal, State of Florida

Docket or case number:   5D20-2461

Date of court's decision:   7/20/2021

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:        N/A

(e)    Other Remedies:   N/A

## GROUND ELEVEN

COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE INAPPROPRIATE AND PREJUDICIAL STATEMENTS MADE BY JUDGE HOWARD DURING TRIAL AND AT SENTENCING AND FAILING TO FILE A MOTION TO RECUSE JUDGE DUE TO PREJUDICE.

(a)

1.      Judge's example in justification of denying Judgment of Acquittal was analogy of book which described ready reach (TT pg180). Petitioner was not found within ready reach.

2.      Judge prejudicially denies Motion of Limine as he was not attentive to mitigating evidence that was indicative of bad character, drug behavior, and propensity. His concern at time was what a thumbs up emoji looked like on transcript (TT pg 17).

3.      At sentencing Judge asked Detective Aguilera "How is she on the radar screen as drug dealers in this community?" (SH pg 29). The prejudicial statement about petitioner gave her a well grounded fear she would be sentenced to Judges personal partial belief she was a "drug dealer in the community" and not to crimes charged.

4.      Judge states at sentencing "So you got a golf ball amount of methamphetamine, cartel quality" (SH pg 53). A cartel amount is "kilos". One kilo is equivalent to 1000 grams. Petitioner was charged with 36 grams, and feared that she would be sentenced as a cartel drug dealer.

5.      Judge states at sentencing "there was barely a year that you weren't in charge-jail or something and through until today". (SH pg. 26)This is not a factual statement and refuted by Petitioner's criminal record.  This false belief prejudiced Petitioner as it was considered at sentencing.

6.      Petitioner asked to speak prior to imposition of sentence, Judge denied her right to allocution (SH pg. 54-55).  He allowed her to read a prior written letter. He did not allow her full right of confrontation or to make a final plea.

7.      At sentencing Petitioner states" my kids were supposed to be here".  Judge replies "you know why they weren't here don't you?"(SH pg. 52).  Judge's tone and manner was insulting, offensive, prejudicing Petitioner as it regarded her relationship as a mother to her children.

8.      Judge states at sentencing "Ms. Richard, if this was China, <u>you</u> wouldn't even be here.  <u>You</u> don't even know what I'm talking about because <u>you'd</u> be a career criminal and they would shoot <u>you</u>.  That just happens.  That's just the way they do it in China.  The provincial courts will take someone who's just a complete wreck and they'd shoot <u>you</u> and they'd send a bullet- the cost of the bullet to <u>your</u> <u>Mom</u>.  But this isn't China"(SH pg. 55).  This regarded violent, unconstitutional discipline, which is highly irrational, irrelevant, and demeaning.  The judge was insinuating Petitioner deserved to be killed as this was directed at (<u>You</u>) Petitioner, even more so to bring Petitioner's "<u>mom</u>" into the equation.

9.      Judge states at sentencing "Ms. Richard, at some point even the seemingly unlimited assets of the State of Florida are not enough to get you square.  We would take one million of taxpayer's dollars and rehab and everything else like that, we could spend one million on you and the day after you got out of rehab, you'd be using again.  That's just the way it is. "(SH pg. 53).  The prejudicial statement was improper and demeaning about Petitioner's worth and inability to be rehabilitated even more so that rehabilitation is a goal of the Florida Criminal Justice System.  The courts have never attempted to rehabilitate Petitioner.

10.     Judge states at sentencing "well, she's already almost 39 years old. So you've already missed most of your life being a drug addict "(SH pg. 55).  Then sentenced Petitioner to 40 years and states "so that should take you pretty much to

the end of your life" (SH pg.56).  Judge knew he was essentially sentencing Petitioner to life.  The fact the Petitioner has no violent crimes the sentence was extreme showing prejudice.

Judge Howard, in the cumulative, has shown prejudice toward the Petitioner by his lack of viewing the circumstances objectively to make various reasonable decisions and for empowering an adversarial tone, demeanor and casting insults when speaking to and about Petitioner. This gave Petitioner a well grounded fear she would not and did not receive a fair trial or sentence because of judge's personal bias, incorrect beliefs of Petitioner.

Trial counsel's lack of performance in failing to object to inappropriate, prejudicial statements of Judge Howard and for failing to file motion of recusal due to obvious bias prejudiced Petitioner.  Had she done so, there is a fair probability the outcome of trial would have been different because the objections would have been preserved for appeal review.  The recusal of judge would have given Petitioner her right to a fair trial with an unbiased judge.  Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.


(b)      If you did not exhaust your state remedies on ground eleven, explain why:
State Remedies Exhausted

(c)      Direct Appeal of Ground Eleven:

    (1)      If you appealed from the judgment of conviction, did you raise this issue:          No

    (2)      If you did not raise this issue in your direct appeal, explain why:
IAC claims not appealable on direct appeal

(d)   Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes

(2)   If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:   Motion for Post-Conviction Relief, 3.850

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:   2018-CF-000844A

Date of court's decision: 11/09/20

Result:   Denied

(3)   Did you receive a hearing on your motion or petition   No

(4)   Did you appeal from the denial of your motion or petition:   Yes

(5)   If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:   Yes

(6)   If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:
Fifth District Court of Appeal, State of Florida

Docket or case number:   5D20-2461

Date of court's decision: 7/20/2021

(7)   If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:   N/A

(e)   Other Remedies:   N/A

## GROUND TWELVE

INEFFECTIVE ASSISTANCE OF AP[ELLATE COUNSEL FOR FAILING TO
RAISE ON DIRECT APPEAL TRIAL COUNSEL'S FAILURE TO OBJECT TO
SPECULATIVE STATEMENTS BY STATE WITNESS WHICH WAS
SUBSEQUENTLY  ALLOWED TO BE ADMITTED INTO EVIDENCE FOR
THE JURY TO CONSIDER

(a)     At trial, state asked if methamphetamine recovered was produced in this

county.  Detective Blair replied "No, this was not made here. Uh, this is your

normal trafficked meth from, uh, Mexico "(TT.pg.163). This statement was purely

speculation, misleading and contained no factual basis as Petitioner was not

charged with trafficking from Mexico.  Detective Blair made many speculative

statements that presented a substantial danger to unfair prejudice that risked the

conviction be based on a fabricated theory of bad character, drug behavior and

propensity.

Appellant counsel's lack of performance to raise the fundamental error of

trial counsel's ineffectiveness for failing to object to challenge the admissibility of

speculative statements which influenced the jury's verdict prejudiced Petitioner.

Had she done so there is a fair probability the case would have been remanded for

new trial or other relief due to influence of Detective Blair's testimony on verdict

as it reached down to the validity of the trial showing fundamental error.  Petitioner

has satisfied both prongs of Strickland showing her 6th Amendment Constitutional

Right to effective assistance of counsel has been violated.


(b)     If you did not exhaust your state remedies on ground twelve, explain why:
State Remedies Exhausted

(c)     Direct Appeal of Ground Twelve:

(1)   If you appealed from the judgment of conviction, did you raise this issue:   No

(2)   If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise ground

(d)   Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes

(2)   If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:   Writ of Habeas Corpus, 9141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeals, State of Florida

Docket or case number:  5D21-1824

Date of court's decision: 10/27/2021

Result:   Denied

(3)   Did you receive a hearing on your motion or petition   No

(4)   Did you appeal from the denial of your motion or petition:   No

(5)   If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:   No

(6)   If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:
N/A

Docket or case number:  N/A

Date of court's decision: N/A

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:  could not be appealed further

(e)     Other Remedies:   N/A

## GROUND THIRTEEN

### COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DISMISS BASED ON VINDICTIVE PROSECUTION.

(a)     Petitioner's pro se meaning of "vindictive prosecution" was the obvious bias through the aggressiveness of prosecution and prosecutorial misconduct to prosecute by pushing a guilty verdict regardless of lack of evidence to support conviction as it was a direct retaliation because of the internal affairs investigation against Petitioner and a Citrus County detective.

The numerous grounds in this 2254 Writ reveals the obvious bias through deliberate; negligence, a blind eye, and prosecutorial misconduct.  To include, but not limited to; allowing a baliff to testify that had direct contact with jury (TT.pg.150), declaring Petitioner's guilt in closing argument "she was in actual possession of it" (TT pg. 201), introducing and/or making a feature at trial a text message "blues" that is irrelevant to crimes charged (TT pg. 18,169,193), and to bring up an outside of court conversation "we talked about this on Monday…" (TT pg. 201) in closing argument for jury to consider and compare.

Trial Counsel's lack of performance to file motion due to the obvious vindictive retaliation and prosecutorial misconduct prejudiced Petitioner as it rendered the entire trial fundamentally unfair.  Had she done so there is a fair probability the case would have been dismissed or changed to a different venue. Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

(b)     If you did not exhaust your state remedies on ground thirteen, explain why: State Remedies Exhausted

(c)     Direct Appeal of Ground Thirteen:

(1)   If you appealed from the judgment of conviction, did you raise this issue: No

(2)   If you did not raise this issue in your direct appeal, explain why: IAC claims not appealable on direct appeal

(d)   Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?      Yes

(2)   If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:      Motion for Post-Conviction Relief, 3.850

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:  2018-CF-000844A

Date of court's decision: 11/09/20

Result:      Denied

(3)   Did you receive a hearing on your motion or petition      No

(4)   Did you appeal from the denial of your motion or petition:      Yes

(5)   If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      Yes

(6)   If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:
Fifth District Court of Appeal, State of Florida

Docket or case number:  5D20-2461

Date of court's decision: 7/20/2021

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:      N/A

(e)    Other Remedies:   N/A

## GROUND FOURTEEN

### COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION FOR CHANGE OF VENUE

The Petitioner had an open internal affairs investigation against one of Citrus County's detectives and herself.  Petitioner notified that counsel and this was mentioned numerous times in defense witness Kevin Allen's deposition showing defense counsel and state were well aware of the relationship prior to trial. Petitioner also notified trial counsel her case was highly publicized on front page of Citrus County newspaper for several months as well as social  media and that it was being used as an advertisement to get new subscribers in a local social media news feed.  Had trial counsel properly raised this ground/motion prior to trial, Petitioner would have been able to present evidence to support claim.  Due to incarceration and lack of funds and resources, Petitioner was unable to present evidence to support claim when she filed this ground.

Petitioner had a well grounded fear she would not receive a fair trial due to influence of Citrus County Sheriff's Office.  Trial Counsel's lack of performance to file this motion knowing proceedings of trial would be impartial prejudiced Petitioner.  Had she done so there is a fair probability the outcome of the proceeding would have been different because had the trial been held in a different venue the jury and other involved would not had preconceived bias or be influenced by the prejudice of Citrus County Sheriff's Office.  Petitioner has satisfied both prongs of Strickland showing her 6th Amendment Constitutional Right to effective assistance of counsel has been violated.

b)      If you did not exhaust your state remedies on ground fourteen, explain why: State Remedies Exhausted

(c)      Direct Appeal of Ground Fourteen:

    (1)      If you appealed from the judgment of conviction, did you raise this issue:   No

    (2)      If you did not raise this issue in your direct appeal, explain why: IAC claims not appealable on direct appeal

(d)      Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

(2)      If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:      Motion for Post-Conviction Relief, 3.850

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:   2018-CF-000844A

Date of court's decision:  11/09/20

Result:      Denied

(3)      Did you receive a hearing on your motion or petition      No

(4)      Did you appeal from the denial of your motion or petition:      Yes

(5)      If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      Yes

(6)      If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:
Fifth District Court of Appeal, State of Florida

Docket or case number:   5D20-2461

Date of court's decision:  7/20/2021

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:        N/A

(e)     Other Remedies:   N/A

## GROUND FIFTEEN

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO
RAISE ON DIRECT APPEAL THAT TRIAL COURT ABUSED IT'S
DISCRETIOIN IN IMPOSING BOTH CONCURRENT AND CONSECUTIVE
SENTENCES UPON THE PETITIONER

(a)     Petitioner was sentenced with a consecutive sentence to her habitualized

offense from an offense that arised from the same episode violating Florida

Statutes §775.084.

Appellate Counsel's lack of performance to raise sentencing error in the

direct appeal prejudiced her right to be sentenced fairly.  Had she done so there is a

fair probability Petitioner would have been remanded for resentencing because of

sentencing error.  Petitioner has satisfied both prongs of Strickland showing her 6th

Amendment Constitutional Right to effective assistance of counsel has been

violated.

(b)     If you did not exhaust your state remedies on ground fifteen, explain why:
State Remedies Exhausted

(c)     Direct Appeal of Ground Fifteen:

(1)     If you appealed from the judgment of conviction, did you raise this
issue: Yes

(2)     If you did not raise this issue in your direct appeal, explain why:
IAC claims not appealable on direct appeal

(d)     Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for
habeas corpus in a state trial court?     No

(2)     If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:     Writ of Habeas Corpus, 9.141

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit, Citrus County, State of Florida

Docket or case number:  5D21-1824

Date of court's decision: 10/27/2021

Result:      Denied

(3)    Did you receive a hearing on your motion or petition      No

(4)    Did you appeal from the denial of your motion or petition:      No

(5)    If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

(6)    If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:      N/A


Docket or case number:  N/A

Date of court's decision:  N/A

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:      Could not be appealed further

(e)    Other Remedies:   N/A

## GROUND SIXTEEN

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO
RAISE ON DIRECT APPEAL THAT THE PETITIOINER'S CLARIFICATION
AND SENTENCE AS A HABITUAL FELONY OFFENDER (HFO) IS
ILLEGAL AND RESULTED IN AN ILLEGAL SENTENCE

(a)     The state filed a timely notice of the state's intention to seek Habitual Felony
Offender status for Petitioner on December 12, 2019.  The notice stated
Petitioner's trial counsel was served a copy "by U.S. Mail, Hand Delivery, or
Electronic Service."  The Petitioner was not served a notice violating Fla. Stat.
§775.084.

Petitioner's habitualized offense was used as a primary offense on
scoresheet, violating §775.084.

Petitioner was sentenced with a consecutive sentence to her habitualized
offense from an offense that arised from the same episode violating §775.084.

Petitioner was sentenced to 35 years for trafficking in methamphetamine
exceeding the guidelines recommendation violating §777.084.

Petitioner did not qualify as Habitual Felony Offender at one of the two prior
felony convictions is a violation of 893.13 relating to the possession of a controlled
substance violating §775.084.

Appellate Counsel's lack of performance to raise sentencing errors in direct
appeal prejudiced Petitioner her right to be sentenced fairly.  Had she done so there
is a fair probability Petitioner would have been remanded for resentencing because
of sentencing errors.  Petitioner has satisfied both prongs of Strickland showing her
6th Amendment Constitutional Right to effective assistance of counsel has been
violated.

b)      If you did not exhaust your state remedies on ground sixteen, explain why: State Remedies Exhausted

(c)     Direct Appeal of Ground Sixteen:

    (1)     If you appealed from the judgment of conviction, did you raise this issue: No

    (2)     If you did not raise this issue in your direct appeal, explain why: Counsel failed to raise ground

(d)     Post Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     Yes

    (2)     If your answer to Question (d) (1) is "Yes" state:

Type of motion or petition:      Writ of Habeas Corpus, 9.141

Name and location of the court where the motion or petition was filed: Fifth District Court of Appeals, State of Florida

Docket or case number:  5D21-1824

Date of court's decision: 10/27/2021

Result:      Denied

    (3)     Did you receive a hearing on your motion or petition      No

    (4)     Did you appeal from the denial of your motion or petition:      No

    (5)     If your answer to Question (d)(4) is "Yes" did you raise this issue on appeal:      No

    (6)     If your answer to Question (d)(4) is "Yes" state:
name and location of the court where the appeal was filed:     N/A

Docket or case number:     N/A

Date of court's decision:  N/A

(7)     If your answer to Question (d)(4) or Question (d)(5) is "No" explain why you did not raise this issue:        Could not be appealed further

(e)     Other Remedies:   N/A

## GROUND SEVENTEEN

### CUMULATIVE ERROR/EFFECT

(a)      The cumulative error and effect of the various grounds in this §2254 Writ show numerous Florida Statutes and Constitutional Rights of the Petitioner were violated and affected the outcome of the trial.

U.S. Constitution Amendment Six vest persons charged with crimes the right to effective assistance of counsel and applies to the state as a component of the right to due process a law secured by the Fourteenth Amendment.

Here Petitioner has established she was convicted in violation of her right to effective assistance of counsel.  She has satisfied both prongs of Strickland.  As to the first prong,  Petitioner has established her counsel's performance were deficient in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance showing poor lawyering.  As the second prong,, Petitioner has established that she was prejudiced by her counsel's constitutional deficient performance as there is a fair probability absent counsels unprofessional errors the result of the proceedings would have been different.

AO 241
(Rev. 01/15)

Page 13

13.     Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?     ☑ Yes     ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:     N/A

_____

_____

_____

(b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

No

_____

_____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?     ☐ Yes     ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
of any court opinion or order, if available.     N/A

_____

_____

_____

_____

_____

_____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?     ☐ Yes     ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
raised.     N/A

_____

_____

_____

_____

AO 241
(Rev. 01/15)

Page 14

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Susan Falardeau, Assistant Public Defender

110 North Apopka Avenue, Inverness, FL 34450

(b) At arraignment and plea:   Susan Falardeau

110 North Apopka Avenue, Inverness, FL 34450

(c) At trial:     Susan Falardeau, Assistant Public Defender

110 North Apopka Avenue, Inverness, FL 34450

(d) At sentencing:   Susan Falardeau, Assistant Public Defender

110 North Apopka Avenue,, Inverness, Florida 34450

(e) On appeal:   Teresa D. Sutton

444 Seabreeze Blvd., Suite 210, Daytone Beach, FL 32118

(f) In any post-conviction proceeding:   Eneid Bano, Esquire

300 Wilshire Blvd., Suite 200, Casselberry, FL 32707

(g) On appeal from any ruling against you in a post-conviction proceeding:   Pro Se

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:     N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes   ☑ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petition is timely filed.

AO 241
(Rev. 01/15)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 16

    (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:   Evidentiary hearing, vacate sentence/judgment

and/or grant such other relief as may be appropriate and to dispose of the matter as law and justice require

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____2/7/2022_____ (month, date, year).

Executed (signed) on _____2/7/2022_____ (date).

PROVIDED TO:
LOWELL CORRECTIONAL ANNEX ON:

FEB 07 2022

BY:_____ FOR MAILING

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



**LAW OFFICES OF**

# PUBLIC DEFENDER

### SEVENTH JUDICIAL CIRCUIT

**FLAGLER, PUTNAM, ST. JOHNS & VOLUSIA COUNTIES**

**JAMES S. PURDY**
PUBLIC DEFENDER

April 18, 2019

Ms. Kristy Marie Richard
Inmate #D90273
Florida Women's Reception Center
3700 Northwest 111th Place
Ocala, Florida 34482-1479

In re:  DCA Case No. 5D19-470

Dear Ms. Richard:

Enclosed is your Initial Brief which has been submitted to the Fifth District Court of Appeal.

There are still several steps remaining in the appeal process.  Please be patient.  It may be several months before the Court makes a decision.

I reviewed your concern about the trash pulls and those stated in your letter.  None of these issues are supported by a preservation in the record (the trial attorney neither objected to these matters nor presented these matters to the court as an issue), which prevents me from addressing those matters.  As previously stated, if you feel that you have a valid claim, you can raise these issues if you file a motion for post-conviction relief after your appeal has concluded.

Again, I am unable to request the telephone conversation as it cannot be used to supplement your record and has no effect in this present case.

If you have any questions, please feel free to write.

Sincerely,

Teresa D. Sutton
Assistant Public Defender
TDS/mkh
Enclosure

Page 6

| BLACK MOUNTAIN SOFTWARE UTILITY BILLING SYSTEM | ROLLING OAKS UTILITIES, INC. |
|---|---|
| CUSTOMER TRANSACTIONS          For 8-2020 | 08:03:51 - 08/24/2020 |

| Customer Name | RICHARD, KRISTY | Account  4986-08 | Route - Meter  14-421000.02 |
|---|---|---|---|

ROLLING OAKS UTILITIES, INC
PO BOX 641030
BEVERLY HILLS, FL    34464-1030

### Transaction Description - ID Number

| AP-Year | Date & Time | Fund - Service | | Amount | Running Balance |
|---|---|---|---|---|---|
| **CHARGE [Penalty]** | | | | | |
| 4-2018 | 04/23/2018 09:10:23 AM | 1 - LATE FEE | | 5.10 | |
| | | | Total for Transaction: | 5.10 | 22.15 |
| **RECEIPT 861993** | | | | | |
| 4-2018 | 04/24/2018 12:09:50 PM | 1 - WATER | | -16.32 | |
| 4-2018 | 04/24/2018 12:09:50 PM | 1 - CTY REG FEE-W | | -0.73 | |
| 4-2018 | 04/24/2018 12:09:50 PM | 1 - LATE FEE | | -5.10 | |
| | | | Total for Transaction: | -22.15 | 0.00 |
| **CHARGE** | | | | | |
| 4-2018 | 04/26/2018 10:26:05 AM | 1 - WATER | | 18.66 | |
| 4-2018 | 04/26/2018 10:29:30 AM | 1 - CTY REG FEE-W | | 0.84 | |
| | | | Total for Transaction: | 19.50 | 19.50 |
| **CHARGE [Penalty]** | | | | | |
| 5-2018 | 05/22/2018 08:18:11 AM | 1 - LATE FEE | | 5.10 | |
| | | | Total for Transaction: | 5.10 | 24.60 |
| **CHARGE** | | | | | |
| 5-2018 | 05/24/2018 10:12:04 AM | 1 - WATER | | 20.99 | |
| 5-2018 | 05/24/2018 10:15:26 AM | 1 - CTY REG FEE-W | | 0.94 | |
| | | | Total for Transaction: | 21.93 | 46.53 |
| **RECEIPT [Partial Payment] 868055** | | | | | |
| 5-2018 | 05/29/2018 01:07:56 PM | 1 - WATER | | -18.66 | |
| 5-2018 | 05/29/2018 01:07:56 PM | 1 - CTY REG FEE-W | | -0.84 | |
| 5-2018 | 05/29/2018 01:07:56 PM | 1 - LATE FEE | | -5.10 | |
| | | | Total for Transaction: | -24.60 | 21.93 |
| **CHARGE [Penalty]** | | | | | |
| 6-2018 | 06/21/2018 08:53:34 AM | 1 - LATE FEE | | 5.10 | |
| | | | Total for Transaction: | 5.10 | 27.03 |
| **CHARGE** | | | | | |
| 6-2018 | 06/25/2018 11:30:39 AM | 1 - WATER | | 29.76 | |
| 6-2018 | 06/25/2018 11:34:31 AM | 1 - CTY REG FEE-W | | 1.34 | |
| | | | Total for Transaction: | 31.10 | 58.13 |
| **RECEIPT [Partial Payment] 873705** | | | | | |
| 6-2018 | 06/27/2018 12:14:08 PM | 1 - WATER | | -42.62 | |
| 6-2018 | 06/27/2018 12:14:08 PM | 1 - CTY REG FEE-W | | -2.28 | |
| 6-2018 | 06/27/2018 12:14:08 PM | 1 - LATE FEE | | -5.10 | |
| | | | Total for Transaction: | -50.00 | 8.13 |
| **RECEIPT [Partial Payment] 878490** | | | | | |
| 7-2018 | 07/20/2018 01:26:31 PM | 1 - WATER | | -8.00 | |
| | | | Total for Transaction: | -8.00 | 0.13 |
| **CHARGE** | | | | | |
| 7-2018 | 07/26/2018 11:09:17 AM | 1 - WATER | | 35.04 | |
| 7-2018 | 07/26/2018 11:12:41 AM | 1 - CTY REG FEE-W | | 1.58 | |
| 7-2018 | 07/26/2018 11:09:39 AM | 1 - SANITATION | | 10.86 | |
| | | | Total for Transaction: | 47.48 | 47.61 |
| **CHARGE [Penalty]** | | | | | |
| 8-2018 | 08/21/2018 10:22:34 AM | 1 - LATE FEE | | 5.10 | |
| | | | Total for Transaction: | 5.10 | 52.71 |
| **RECEIPT [Partial Payment] 884895** | | | | | |
| 8-2018 | 08/24/2018 12:20:39 PM | 1 - WATER | | -25.46 | |
| 8-2018 | 08/24/2018 12:20:39 PM | 1 - CTY REG FEE-W | | -1.58 | |
| 8-2018 | 08/24/2018 12:20:39 PM | 1 - SANITATION | | -10.86 | |
| 8-2018 | 08/24/2018 12:20:39 PM | 1 - LATE FEE | | -5.10 | |
| | | | Total for Transaction: | -43.00 | 9.71 |
| **CHARGE** | | | | | |
| 8-2018 | 08/27/2018 11:44:46 AM | 1 - WATER | | 17.49 | |
| 8-2018 | 08/27/2018 11:47:54 AM | 1 - CTY REG FEE-W | | 0.79 | |
| 8-2018 | 08/27/2018 11:45:02 AM | 1 - SANITATION | | 19.17 | |
| | | | Total for Transaction: | 37.45 | 47.16 |

*(handwritten note at left margin)* No Trash Service prior to this date.

Rolling Oaks Utilities

## Beverly Hills Waste Management Corp                352-746-4291

Thank you for choosing BHWM for your refuse company.

Service Address:_____     Start Date: _____

Household Garbage Pickup Day: _____     &     _____

Yard waste Pickup Day: _____

Please have all items to be collected at the curb side NO LATER THAN 6:00 AM on the morning of your pick-up or place out the night before. After the truck has passed it is not a missed pickup if it was not out.

SERVICES: Monthly Charge-Container size is a 30-gallon bag or can. LIMITS are Strictly Enforced

   $17.04= Once a week service
       Limits are 3 containers of garbage and 3 yard waste (30 gal bags or cans)

   $19.17=Twice a week service
       Limits are 3 garbage containers & 7 yard waste (first pick up day that week)
                3 garbage containers ONLY (second pickup day that week)

### GARBAGE
Place garbage on the **LEFT** side of the driveway as you are facing the street. All garbage must be placed in 30 gallon bags or cans. Weight limit is 50 pounds for each container. **LIMITS ARE STRICTLY ENFORCED!!** DO NOT mix yard waste and garbage together. The landfill will not accept it. We do not accept hazardous items, such as florescent bulbs, motor oil, paint, etc. Please contact the Citrus County Landfill at 527-7670 for their amnesty plan.

### YARDWASTE
Place all yard waste on the **RIGHT** side of the driveway as you are facing the street. Yard waste is organic waste such as grass clippings, twigs leaves, etc. ALL twigs and branches must be in a bag, can or tied in a bundle. Container size is 30 gallon. Tied bundles can be no longer than 3' X 18" in diameter and no heavier than 50 pounds. DO NOT mix yard waste and garbage together. The landfill will not accept it. Plant containers, stones, dirt, etc are not considered yard waste material. If you wish the bags be returned, please leave them untied.

### ADDITIONAL ITEMS
Convenience stickers are available in the office for additional bags or cans over your limit @ $1.50 each Stickers are non-refundable. Any large items excluding appliances can be picked up as a special pick up at an additional costs. Prices start at $45.00 and up depending on what needs to be picked up. Call for details.

Kristy Richard #D96273
Lowell/Annex Correctional Institute
11120 NW Gainesville Road
Ocala, Florida 34482

SCREENED
By USMS

MAIL ORIGINATED AT
FLORIDA STATE
CORRECTIONAL INSTITUTION

Golden-Collum Memorial
Federal Building
207 N.W. Second St.
Suite 337
Ocala, Florida 34475




PROVIDED TO:
LOWELL CORRECTIONAL ANNEX ON:

FEB 07 2022

BY: _Va_____ FOR MAILING